**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 5, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10137
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOOKER T. MUHAMMAD,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-83-1-Y
--------------------

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Following a jury trial, Booker T. Muhammad was convicted of possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii). The district court sentenced Muhammad to 78 months of imprisonment and a four-year term of supervised release. Muhammad appeals his conviction.

Muhammad first argues that the evidence was insufficient to prove the scienter element of the offense of conviction.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Muhammad's sole custody of a large quantity of drugs, his implausible story that he was driving a small load of produce from El Paso to Detroit but did not know to whom he was to deliver the produce, and his falsified logbook provide sufficient evidence to uphold the jury's conclusion that Muhammad knew of the marijuana concealed in the trailer being pulled by the truck he was driving. See United States v. Carreon-Palacio, 267 F.3d 381, 389 (5th Cir. 2001); United States v. Garcia-Flores, 246 F.3d 451, 454-55 (5th Cir. 2001); United States v. Diaz-Carreon, 915 F.2d 951, 954 (5th Cir. 1990).

Muhammad also argues that the district court erred in admitting motel and store receipts into evidence. Counter to Muhammad's assertion, those evidentiary items were not the sole evidence showing that Muhammad had falsified his logbook. Thus, any such error was harmless. See United States v. Mendoza-Medina, 346 F.3d 121, 127 (5th Cir. 2003), cert. denied, 124 S. Ct. 1161 (2004).

AFFIRMED.