United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2005

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
### for the Fifth Circuit

_____

m 03-10137
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

BOOKER T. MUHAMMAD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
m 4:02-CR-83-1-Y

_____

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before SMITH and WIENER,
   Circuit Judges.[*]

PER CURIAM:[**]

This court afirmed defendant Booker Muhammad's conviction and sentence. *United States v. Muhammad*, 91 Fed. Appx. 972 (5th Cir. 2004) (per curiam). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Muhammad v. United States*, 125 S. Ct. 1006 (2005).

Muhammad concedes that no Sixth Amendment objection was raised in the district court, so we should review for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

In its supplemental letter brief addressing *Booker*, the government "concedes that in light of *Booker*, the district court committed a clear or obvious error in sentencing Muhammad based on facts not found by a jury or admitted by the defendant, and in doing so under a mandatory guidelines system." The government correctly observes, however, that even without the challenged drug quantity, the district court, on resentencing, "would be presented with []an advisory guideline range containing the same sentence it already imposed, and could thus impose that same sentence." It follows that Muhammad cannot show that he would receive a lesser sentence on remand.

Muhammad urges that, nonetheless, the error is structural. As this court has held, however, "we reject [the] argument toat *Booker* error is structural and insusceptible to harmless error analysis, and that *Booker* error should be presumed prejudicial, as both claims are in conflict with *Mares*." *United States v. Malveaux*, 2005 U.S. App. LEXIS 5960, at *4 n.9 (5th Cir. Apr. 11, 2005) (per curiam) (unpublished). Muhammad's substantial rights have not been affected.

The judgments of conviction and sentence are AFFIRMED.

---

Judge Duhé was a member of this panel when the opinion issued on April 5, 2004. Although he remains a Senior Circuit Judge on this court, he is currently not hearing cases. Accordingly, this matter is decided by a quorum. *See* 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.